**United States District Court**
For the Northern District of California

**\*E-FILED 5/2/05\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGAL ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PULSE ENGINEERING, INC.; FAHRNER-MILLER ASSOCIATES, INC.; FULL RISE ELECTRONIC CO., LTD.; MAX LION ELECTRONICS, INC.; BEL FUSE, INC.; AND STEWART CONNECTOR SYSTEMS, INC., <br><br> Defendants. | Case No. C 03-01296 JW (RS) <br><br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL BY DEFENDANTS PULSE AND FRE** |

I. INTRODUCTION

Defendants Pulse Engineering, Inc. ("Pulse") and Full Rise Electronic Co., Ltd. ("FRE") (collectively, "defendants"), move to compel plaintiff Regal Electronics, Inc. ("Regal") to provide

answers to interrogatories propounded by the moving defendants. Regal contends that the interrogatories exceed the number permitted by the Federal Rules of Civil Procedure and, therefore, it need not answer any of defendants' questions. The motion was fully briefed and argued before the Court on April 27, 2005. Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants in part and denies in part the motion to compel, for the reasons set forth below.

## II. BACKGROUND

On March 26, 2003, Regal filed the present action for patent infringement, alleging that it is the owner of all right, title, and interest in U.S. Patent No. 6,171,152 ("the '152 patent") and that the defendants are selling various products which it contends directly infringe that patent. In response, defendants counterclaimed against Regal seeking a declaratory judgment of non-infringement and invalidity.

Discovery is proceeding and on June 24, 2004, defendants Pulse and FRE served their First Set of Interrogatories on Regal. Although the set lists only seventeen questions, it is propounded on behalf of both defendants and many of the questions jointly address their responsibilities and products. See Exhibit 1 to Defendants' Motion to Compel. On July 28, 2004, Regal served its objections to the interrogatories, arguing that the questions contain improperly joined subparts and, therefore, exceed the permissible number of interrogatories allowed under Federal Rule of Civil Procedure 33(a).[1] Based on its contention that over fifty interrogatories were propounded[2], Regal provided no responses to any of the interrogatories. Although the parties have apparently met and conferred to some extent regarding this dispute, they have been unable to reach a resolution and, accordingly, defendants Pulse and FRE seek an order compelling Regal to answer the interrogatories.

## III. STANDARD

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

---

[1] In its responses, Regal raised additional objections to the interrogatories. However, in its opposition to this motion, it focuses exclusively on its contention that the questions exceed the number permitted by the Federal Rules. Accordingly, the Court does not address any additional objections to the interrogatories, with the exception of interrogatory number eleven, as explained below.

[2] Regal notes that the Federal Rules permit each party to serve up to 25 interrogatories without Court intervention and argues that, since both FRE and Pulse propounded the set, each and every question must count towards the allotment for each defendant. In the alternative, Regal argues that the set, in any event, contains a total of over 50 questions when the subparts are counted as independent questions.

2

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401. Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV. DISCUSSION

The present dispute between the parties focuses on the proper method under Fed. R. Civ. Pro. 33(a) to quantify interrogatories. On the one hand, FRE and Pulse contend that they propounded only seventeen interrogatories to Regal and that, even if those questions are counted separately against each party, they have not exceeded the permissible limit of 25 interrogatories per party, as set forth in Rule 33(a). In advancing that argument, they rely on Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684 (D. Nev. 1997), in which the court held that subparts are to be counted as part of but one interrogatory where they are logically or factually subsumed within, and necessarily related to, the primary question. On the other hand, Regal argues that the interrogatories are deceptively numbered one through seventeen and, in reality, ask over 100 separate and distinct questions, in violation of Fed. R. Civ. Pro. 33(a) and the decisions in Collaboration Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473 (N.D. Cal. 2004) and Safeco of America v. Rawstron, 181 F.R.D. 441 (C.D. Cal. 1998). In each of those decisions, the number of interrogatories was found to exceed the limit because a single question asked about multiple

accused products. As a result, and based on its understanding of the holding in Walker v. Lakewood, 186 F.R.D. 584 (C.D. 1999)[3], Regal provided no responses.

Fed. R. Civ. Pro. 33(a) provides in pertinent part that "....any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts...." The cases cited by the parties all center around the same issue, namely, how to construe the term "discrete subparts." The Kendall court, relying on an earlier decision in Ginn v. Gemini, Inc., 137 F.R.D. 320, 322 (D. Nev. 1991), construed the term to mean that "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question." Kendall, 174 F.R.D. at 685, quoting Ginn, 137 F.R.D.at 322. As the Kendall court further explained:

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

Kendall, 174 F.R.D. at 685. As noted in Safeco, 181 F.R.D. at 445, the Kendall formula falls short of a bright-line test, yet no court has since articulated a better approach for determining whether "discrete subparts" exist within a single interrogatory. The Court will, accordingly, apply that standard to determine whether or not the interrogatories exceed fifty, representing the combined limit for the two defendants who propounded the discovery at issue to Regal.

\\\

A.   Interrogatory Number One

In its first interrogatory, Pulse and FRE ask Regal to: "Identify each and every claim in the '152 patent that Regal contends Pulse and/or FRE infringes, and specify the specific Pulse and/or FRE product alleged to infringe each claim." Regal objects to this interrogatory based on its contention that,

---

[3] In Walker, the responding party refused to answer any of the interrogatories propounded to it on the basis that it had previously answered interrogatories and that the latest queries impermissibly exceeded the numerical limit imposed by the court. The Court agreed and denied the motion to compel responses. Walker v. Lakewood, 186 F.R.D. at 589. Contrary to Regal's contention, however, the decision does not specifically hold that a party may refuse to answer interrogatories on the sole basis that such questions exceed the maximum number imposed by the Federal Rules. Nevertheless, since FRE and Pulse do not challenge Regal's election to refrain from answering even what it calculates as being the first 25, the Court does not address this issue.

4

since the defendants know that their products are alleged to infringe twelve different claims within the '152 patent, the question actually asks twelve distinct questions about each of four accused Pulse products and twelve distinct questions about one FRE accused product. CPI v. Polycom, 224 F.R.D. at 475 (interrogatory seeking information about all 26 accused products comprises 26 separate questions). Regal argues, therefore, that interrogatory one actually contains a total of 60 questions, thereby substantially exceeding the limit imposed by the Federal Rules of Civil Procedure.[4]

While Regal's conclusion is plausible, the better application of Rule 33 is that interrogatory number one asks two distinct questions to each defendant, for a total of four questions. The question is confined to Regal's infringement contentions as they relate to the '152 patent and in that sense address one primary question, even accepting that twelve claims may be at issue under that particular patent. The second part of the question, which addresses the issue of accused products, is logically separate and distinct from the earlier portion. The interrogatory does not ask for information about all accused products, as was the situation in the CPI case, but, rather, asks for information about certain claims within the '152 patent and the relationship that those claims have to the defendants' products. In short, the interrogatory contains two discrete questions since each portion may stand on its own and is not dependent upon the other, although the two questions are connected with a conjunction. Kendall, 174 F.R.D. at 685. Based on this analysis, the question will be counted as four separate interrogatories.

    B.    <u>Interrogatory Number Two</u>

Defendants' second interrogatory asks Regal to: "Set forth the date [it] contends each of the claims identified in response to Interrogatory No. 1 was invented, and identify all facts and documents supporting the date of invention, including but not limited to the dates of conception and reduction to practice, or constructive reduction to practice." Regal claims that this question improperly contains subparts since it asks for 1) the date of the invention of each claim and 2) all facts supporting such date, with respect to twelve claims which Regal contends are infringed by both FRE and Pulse products. Regal argues, therefore, that the interrogatory asks at least 24 distinct questions. Defendants, on the other hand, contend

---

[4] As noted previously, Regal also argues that, because the defendants chose to propound jointly a single set of interrogatories, all questions must be counted against each defendant's limit.

5

1  that this interrogatory constitutes only one question since its second portion, asking for supporting facts, is
2  both factually and logically subsumed within the first.

3  Applying the principles noted above, the interrogatory contains two distinct questions, one
4  concerning the date of invention and the second concerning the date of reduction to practice. Accordingly,
5  the question will be counted as two separate interrogatories.

6      C.    <u>Interrogatory Number Three</u>

7  Defendants in their third interrogatory ask Regal to: "Set forth all facts, dates, and circumstances,
8  including identification of all individuals with knowledge, concerning the conception and reduction to
9  practice of, and the diligence as to, the subject matter of each asserted claim of the '152 patent. Regal
10  contends that this interrogatory contains three discrete questions as to 1) conception; 2) reduction to
11  practice; and, 3) diligence, with respect to each of the twelve claims at issue in the '152 patent.
12  Accordingly, Regal argues that this interrogatory asks 36 distinct questions as to each defendant.
13  Defendants respond that, since the question of the proper date of invention requires knowledge of the
14  conception, reduction to practice, and proof of diligence, the interrogatory properly asks only one question
15  of Regal.

16  A review of the interrogatory supports Regal's interpretation that three distinct questions are asked
17  regarding conception, reduction to practice, and diligence, all of which are separate and distinct issues.
18  Although three discrete questions are asked, however, they all relate to the allegedly infringed claims set
19  forth in the '152 patent. Therefore, the disputed interrogatory does not pose 36 distinct questions, as
20  argued by Regal, but will be counted instead as three separate interrogatories.     D.    <u>Interrogatory Number Four</u>

24  The fourth interrogatory asks Regal to: "Identify each Regal Product that embodies each
25  claim of the '152 patent. If there are no such Regal products, then identify each Regal Product that meets
26  the standard form factor limitation as that limitation is defined in the Court's Markman order dated May
27  12, 2004." On its face, Regal notes that the interrogatory asks two separate and distinct questions. With
28  respect to the first question, Regal argues that it contains twelve discrete subparts since there are twelve

6

1  separate patent claims alleged to be infringed in this action, resulting in a total of thirteen distinct questions
2  per defendant.

3        FRE and Pulse respond that the question is clearly phrased in the alternative, such that Regal is not
4  required to answer the second question if a response is provided to the first question.  Rather, only in the
5  event that no Regal products are identified as embodying the '152 patent claims at issue would Regal
6  answer the second question.  Therefore, defendants argue that the interrogatory properly asks only one
7  question, an analysis with which the Court agrees.

      E.    <u>Interrogatory Number Five</u>

      Defendants' fifth interrogatory asks Regal to: "Set forth all facts, dates, and circumstances, including identification of all individuals with knowledge, concerning the conception and reduction to practice of, and the diligence as to, the subject matter of each asserted claim of the '152 patent."  Regal contends that this interrogatory asks three distinct questions, i.e., facts, dates, and circumstances, concerning three different issues, i.e., 1) use; 2) sales and/or offers of the alleged inventions; and, 3) embodiments, with respect to each of the twelve claims at issue in the '152 patent.  Accordingly, Regal counts over 36 separate questions as to each defendant.

      Defendants respond that the interrogatory contains only one question, centered around the general theme of disclosures of the claimed invention or of products embodying the claimed invention.  Defendants note, however, that the question addresses at least two distinct issues: disclosures and embodiments.  Disclosure may take the form of either use or sales, or offers to sell.  Under that analysis, the interrogatory addresses three distinct issues.  Nonetheless, although the question then asks Regal to identify all: 1) facts, 2) dates, 3) circumstances, and 4) individuals with knowledge with respect to these three issues, these "subparts" are not discrete but are, instead, logically and factually related to the main questions addressing disclosures and embodiments.  Therefore, the question will be counted as three separate interrogatories.

      F.    <u>Interrogatory Number Six</u>

      Interrogatory number six asks Regal to: "Describe the level of ordinary skill in the art for the purposes of 35 U.S.C. § 112 and, if different, the level of ordinary skill in the art for purposes of 35 U.S.C. §§ 102 & 103, for each asserted claim of the '152 patent."  Since three different code sections are

7

requested with respect to each of the 12 disputed claims in the '152 patent, Regal contends that this interrogatory contains 36 discrete subparts.

Defendants respond that, since the level of ordinary skill may be determined under each of the three code sections, the question necessarily includes all three related sections addressing the same issue. Again, however, defendants concede that there are three separate code sections included in this interrogatory. At a minimum, therefore, the interrogatory asks three distinct questions. In fact, the question acknowledges that the code sections may describe different levels of ordinary skill. Interrogatory number six, therefore, will be counted as three separate questions.

G.   Interrogatory Number Seven

Defendants' seventh interrogatory asks Regal to: "State all facts, dates, and circumstances as to each search, study, analysis or opinion you have ever conducted, caused to be conducted, or which was conducted by a third party or an existing or former defendant in this litigation relating to the validity, scope, enforceability, infringement or otherwise as to the '152 patent, including but not limited to an identification of all items of prior art or alleged prior art referenced." Regal contends that the interrogatory contains at least eight distinct questions per defendant, since it asks for studies conducted by: 1) Regal; 2) any third party; or, 3) an existing or former defendant, regarding the: 4) validity; 5) scope; 6) enforceability; or, 7) infringement of the '152 patent, including 8) an identification of all items of prior art. Regal additionally notes that its interpretation of the interrogatory to cover "studies" is generous, since the question actually asks for all "facts, dates, and circumstances as to each search, study, analysis, or opinion," thereby, according to Regal, asking several more distinct questions.

Pulse and FRE respond that the validity, scope, enforcement, and infringement of the patent are all logically or factually subsumed within, and necessarily related to, the primary question: namely, the studies conducted by Regal or others. Defendants do not address Regal's argument that the question addresses not only studies which it has conducted, but those of third parties as well as by an existing or former defendant. Nor do they discuss the last portion of the interrogatory which calls for the identification of all items of prior art or alleged prior art referenced.

There is no dispute that the issues of invalidity and non-infringement are two separate and distinct defenses to a patent infringement action. Neither is dependent on the other, nor is it necessary to raise both

8

defenses to a claim of infringement. As a result, questions concerning studies conducted regarding the validity of the '152 patent are not factually or logically related to studies addressing the infringement of the '152 patent. Similarly, the scope of a patent, or its enforceability, while related to the issues of validity and infringement, are distinct and separate issues, as is the identification of prior art. Again, while all of these subparts generally relate to patents, each category covers a separate and distinct aspect of a patent and, therefore, concerns discrete issues. The interrogatory contains, therefore, five discrete subparts.

In addition, interrogatory number seven asks Regal to provide information concerning not only its own studies, but those conducted by third parties which, presumably, would include any former or existing defendant. Therefore, the question asks five distinct questions about two different studies, and, accordingly, will be treated as ten separate interrogatories.

## H.    Interrogatory Number Eight

In their eighth interrogatory, defendants ask Regal to: "Identify all prior art and/or any other invention, patent application, patent, use, offer of an invention, publication or printing before the issue date of the '152 patent as to RJ-45 connectors known to you and/or brought to your attention, including the first date and the circumstances of your knowledge of each item, and identify the persons most knowledgeable concerning each item." Regal contends that this interrogatory improperly contains at least eight discrete subparts concerning: 1) prior art; 2) inventions; 3) patent applications; 4) patents; 5) uses; 6) offers of an invention; 7) publications; or, 8) printings, all before the issue date of the '152 patent. Moreover, Regal asserts that the question contains additional, unauthorized subparts since it also requests: 1) the date; 2) circumstances; and, 3) persons most knowledgeable with respect to each of the eight items. Regal argues that the interrogatory, accordingly, contains 24 subparts.

Defendants contend that the interrogatory asks only one question: information relating to prior art concerning RJ-45 connectors known by Regal prior to the issue date of the '152 patent. The fact that the question specifies prior art, in addition to exemplary disclosures which may also constitute prior art, such as inventions, patent applications, patents, uses, and publications does not, according to defendants, convert the interrogatory into discrete subparts. The authorities cited above support defendants' argument since this question addresses only one general topic, but includes subissues which are factually and

9

logically subsumed within the main question. As a result, interrogatory number eight will be counted as a single question.

### I.   Interrogatory Number Nine

Regal is asked in interrogatory number nine to: "Identify all advantages of the alleged inventions in any asserted claims of the '152 patent over the prior art and over any other inventions, patent applications, patents, uses, offers of inventions, printings or publications of RJ-45 connectors that preceded the date of issue of the '152 patent." Regal contends that this interrogatory, like the preceding questions, addresses seven discrete categories, since it asks Regal to state the advantages of the inventions over: 1) prior art; 2) other inventions; 3) patent applications; 4) patents; 5) uses; 6) offers of inventions; and 7) printings or publications of RJ-45 connectors, all prior to the date of issue of the '152 patent. Even assuming that the Court considered items two through seven under a single related category of exemplary disclosures which may constitute prior art, as argued by defendants with respect to the preceding interrogatory, Regal argues that the interrogatory, nonetheless, addresses two distinct categories: prior art and other items which may constitute prior art.

Defendants respond that the interrogatory asks only one question: the alleged advantages of the '152 invention. The fact that the question specifies prior art, in addition to exemplary disclosures which may also constitute prior art, such as inventions, patent applications, patents, uses, and publications does not, FRE and Pulse suggest, convert the interrogatory into discrete subparts. As noted with respect to interrogatory number eight, defendants' argument is supported by the authorities cited above since the subparts identified by Regal are factually and logically related to, and dependent on, the main question concerning the advantages of the '152 invention. As a result, the question will be counted as a single interrogatory.

### J.   Interrogatory Number Ten

Defendants ask Regal in interrogatory number ten to: "Identify each individual who participated in the preparation of, and/or reviewed and/or authorized the filing of any paper presented to the Patent Office during the prosecution of the '152 patent, including without limitation all persons who participated in the decision to seek patent protection on the subject matter disclosed in the '152 patent." Regal argues that the interrogatory asks four distinct questions as to each defendant since it seeks the identity of the

1 individual who 1) participated in the preparation of; 2) reviewed; 3) authorized; and/or, 4) participated in
2 the decision to seek patent protection. As defendants correctly note, this objection is inconsistent with the
3 authorities cited above since the question concerns only one area of information: the identity of the persons
4 who prosecuted the '152 patent. Therefore, interrogatory number ten will be counted as a single question.

### K. Interrogatory Number Eleven

In interrogatory number eleven, the defendants ask Regal to:

> Set forth all facts, dates, and circumstances supporting, refuting and concerning Regal's allegations of infringement of the '152 patent by the Defendants, including but not limited to a detailed claim chart with each limitation of each claim of the '152 patent asserted against each of the specific Pulse and FRE products and a corresponding statement describing in words other than repetition of the claim limitations and other than "present" or any similar summary expression, the feature, function or structure used, manufactured or sold by the Defendants that corresponds to each claim limitation.

Regal raises several objections to this particular interrogatory, including the arguments that it is unduly burdensome, duplicative of interrogatory number one, impermissibly requests that it complete a claim chart, and contains at least 48 discrete subparts. Regal also notes that the information requested in the questions has already been supplied in its infringement contentions.

Defendants agree that the information requested in this interrogatory *should* have been answered by Regal's preliminary infringement contentions, but contend that Regal failed to provide sufficiently detailed information regarding its infringement contentions, making this interrogatory necessary. Although Rule 33(a) does not specifically address claim charts, defendants point out that there is nothing stated in the Rule which prohibits a party from requesting a claim chart.

Despite the fact that Fed. R. Civ. Pro. 33(a) does not explicitly prohibit such an interrogatory, this Court has implemented the Patent Local Rules, which specifically address each party's responsibility regarding claim charts. Those Rules were promulgated to focus the parties' discovery in patent cases and to set forth remedies which may be pursued in the event a party claims inadequacy of the specific patent information provided. Those Rules do not, however, contemplate the remedy that a party may propound an interrogatory asking an opposing party to prepare a claim chart. Regal's objections to this interrogatory are sustained and Regal will not be ordered to answer interrogatory number eleven.

### L. Interrogatory Number Twelve

In their twelfth interrogatory, defendants ask Regal to:

"Set forth Regal's contentions, in either written description or picture form, illustrating where in each of the specific Pulse and FRE products identified in response to Interrogatory No. 1 the following limitations exist as defined or recognized by the Court's Markman Order dated May 12, 2004: (a) a plastic block; (b) ninety degree change in the direction of the wires; (c) where the plastic block holds the plurality of wires by the ninety degree change in direction of the wires; (d) the signal conditioning part is completely contained within the volume of the plastic block; (e) the signal conditioning part is straight above the mounting pins; and, (f) the ability to accept multiple rows of connectors."

Regal contends that the interrogatory contains a total of 30 discrete subparts - six distinct questions about four accused Pulse products and one accused FRE product.  Defendants respond that the question does not necessarily require an answer with respect to each of the six limitations as to all five products since some limitations may not apply to all products.  They do not refute or address, however, Regal's contention that, at a minimum, the question contains six discrete subparts, since each limitation is separate and distinct from every other limitation.  Regal's objection to that extent is well-founded.  Accordingly, interrogatory number twelve will be counted as six separate questions.

M.   <u>Interrogatory Number Thirteen</u>

Defendants ask Regal in interrogatory number thirteen to: "Set forth in detail all contentions, facts, details and circumstances to support your contention that FRE has infringed, contributorily infringed or induced infringement of the '152 patent, including but not limited to your contentions that FRE has sold, offered to sell, made, used and/or imported its 5T Series connectors in or to the United States."  Regal concedes, however, that if defendants are asking for all contentions, rather than specific facts, details and circumstances surrounding general infringement, contributory infringement, and inducement of infringement, then the interrogatory properly asks only one question.  Defendants agree that they are asking for all of Regal's contentions regarding FRE's alleged infringement through its sale or importation of its 5T Series connectors in the United States.  They correctly point out, however, that infringement necessarily includes direct, contributory, and inducement to infringe.  While it is unclear whether a dispute exists surrounding the scope of this interrogatory, Regal's objections are overruled and the interrogatory will be counted as one question.

N.   <u>Interrogatory Number Fourteen</u>

1  In interrogatory number fourteen, defendants ask Regal, if it contends that any secondary indicia of
2  nonobviousness apply to any of the alleged inventions claimed in the '152 patent, to "specify with
3  particularity the full factual basis for each such contention(s)."  Regal interprets this question to require it to
4  address nonobviousness as to each of the twelve claims at issue in the '152 patent and then, with respect
5  to nonobviousness, state its full factual basis for each contention.  Based on this interpretation, Regal
6  contends that the interrogatory contains 24 discrete subparts.

7  Defendants respond that the interrogatory seeks information regarding only one topic - secondary
8  considerations of obviousness in relation to the '152 patent.  The Court agrees that the question addresses
9  only one topic and, therefore, the interrogatory will be counted as one question.

10  O.   Interrogatory Number Fifteen

11  Defendants ask Regal to set forth its: "....contentions, facts and circumstances supporting, refuting
12  and concerning Regal's theory of damages in this case as against Pulse, FRE and Bel Fuse."  Regal objects
13  to this question based on its contention that the interrogatory contains six distinct questions per defendant
14  since it seeks all 1) contentions; 2) facts; and, 3) circumstances concerning Regal's theory of damages
15  against 4) Pulse; 5) FRE; and, 6) Bel Fuse.  Defendants contend that the interrogatory merely asks for
16  Regal's theory of damages.  Defendants omit, however, the fact that the question asks for Regal's theory of
17  damages as to three separate and distinct defendants.  As a result, the interrogatory contains three discrete
18  subparts and will be counted as three separate questions.

19  P.   Interrogatory Number Sixteen

20  In their sixteenth interrogatory, defendants ask Regal to: "Set forth in detail all contentions, facts
21  and circumstances regarding any contacts or agreements between Regal and Pulse or Regal and FRE,
22  including but not limited to any written agreements, telephone conversations, meetings or other
23  communications, documents or other information allegedly exchanged between Regal and Pulse or Regal
24  and FRE."  Regal argues that this interrogatory asks it to provide all contentions, facts and circumstances
25  concerning any contacts or agreements between 1) Regal and Pulse and 2) Regal and FRE, as well as any
26  telephone conversations, meetings, or other communications exchanged between 3) Regal and Pulse and
27  4) Regal and FRE.  As a result, Regal contends that this question contains four discrete subparts.
28  Defendants respond that the interrogatory only asks Regal to provide information concerning contacts it

13

had with either Pulse and/or FRE.  Therefore, defendants argue that the interrogatory only asks one question, as permitted by Fed. R. Civ. Pro. 33(a).

The Court concludes that this interrogatory contains two subparts: the first directed to contacts between Regal and Pulse and the second directed to contacts between Regal and FRE.  The fact that such contacts may have included written agreements, telephone conversations, meetings, or other communications does not create discrete subparts to the main question.  As a result, interrogatory number sixteen will be counted as two separate questions.

### Q. <u>Interrogatory Number Seventeen</u>

The seventeenth interrogatory asks Regal to identify each person, by name, title, employer, and location, who assisted in the preparation of Regal's interrogatory responses.  Regal concedes that this interrogatory "could be construed" to ask only one question and the Court construes the interrogatory in such manner.  Therefore, interrogatory number seventeen will be counted as one question.

Based on the foregoing, defendants FRE and Pulse have propounded on Regal a total of forty-three interrogatories.  Fed. R. Civ Pro. 33(a) permits each party to propound twenty-five interrogatories, therefore, the two defendants may ask Regal a total of fifty interrogatories.  Since this set of questions falls within that limit, defendants' motion to compel is granted and Regal shall answer all interrogatories, with the exception of number eleven, to which Regal is not required to respond.

## VI. CONCLUSION

For the reasons stated above, Pulse and FRE's motion to compel Regal to provide responses to interrogatories is granted in part and denied in part.  Regal shall provide answers to interrogatory numbers one through seventeen, as set forth above, with the exception of number eleven.

IT IS SO ORDERED.

Dated:   May 2, 2005                              /s/ Richard Seeborg
                                                  RICHARD SEEBORG
                                                  United States Magistrate Judge

14

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

Mark Thomas Banner , Esq    mbanner@bannerwitcoff.com,

Aimee Boss    aboss@bannerwitcoff.com, mhaugh@bannerwitcoff.com;dsanfratello@bannerwitcoff.com

Mark K. Dickson    dicksonm@howrey.com

Martin C. Fliesler    mcf@fdml.com, cakins@fdml.com;mme@fdml.com;mbasch@fdml.com

Stephen Christopher Kyriacou    kyriacouc@howrey.com, oconnellc@howrey.com

W. Carlos Leet    wcl@olimpia-whelan-lively.com

Andres N. Madrid    AMadrid@steinbergraskin.com, andy_madrid@hotmail.com

Joshua L. Raskin    JRaskin@steinbergraskin.com,

Martin G. Raskin    mraskin@steinbergraskin.com,

Charles Wilbur Shifley    cshifley@bannerwitcoff.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated:  May 2, 2005

                                                 /s/ BAK
                                     Chambers of Magistrate Judge Richard Seeborg