1
2
3
4
5
6
7
8
9

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

10  Regal Electronics, Inc.,                          NO. C 03-01296 JW

11          Plaintiff(s),

12          v.                                          **ORDER GRANTING DEFENDANT BEL FUSE, INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

13  Pulse Engineering, Inc., et al.,

14          Defendant(s).

15  _____/

16                          **I.  INTRODUCTION**

17          This is a patent infringement suit brought by Regal Electronics, Inc. ("Regal") against Bel

18  Fuse, Inc. ("Bel Fuse") and others.  Regal claims that Bel Fuse's MagJack Series of Modular

19  Connectors ("MagJack Connectors") infringe U.S. Patent No. 6,171,152 ("'152 Patent"), which Regal

20  owns.  Presently before this Court is Bel Fuse's Motion for Summary Judgment of Non-Infringement

21  Under the Doctrine of Equivalents (hereinafter Bel Fuse's Motion, Docket Item No. 146).  Based upon

22  the arguments advanced by counsel at the hearing and in their papers, this Court GRANTS Bel Fuse's

23  Motion.

24                          **II.  BACKGROUND**

25          The technologies at issue in this case are RJ-45 modular connectors used to transmit data over

26  local area networks ("LANs").  Physically, these connectors resemble the click-together connectors

27  used to set up telephones.  However, RJ-45 modular connectors are wider partly because they contain

28  eight adjoining wires whereas telephone connectors contain less adjoining wires.  Typically, RJ-45

connectors are mounted near the outer edge of a computer's motherboard so that they can receive

matching, external RJ-45 plugs.

The '152 Patent contains twelve claims:  two independent claims and ten dependent claims.

Claims 1 and 6, the two independent claims, both claim, <u>inter</u> <u>alia</u>, an RJ-45 style modular connector,

comprising:

> a contact spring assembly of a plurality of wires in separate circuits that pass forward through said open back end into the back of said open front end of the housing, wherein the contact spring assembly includes *a plastic block that supports the plurality of wires by a right angle turn* and is vertically oriented with respect to the plurality of wires, and wherein the plastic block inserts and locks into said open back end of the housing . . .

'152 Patent, Col. 6, ll. 32-40, Col. 7, ll. 15-23 (emphasis added).  The emphasized language is at issue

here.  On May 12, 2004, this Court issued its Order Following Claims Construction Hearing

(hereinafter Claims Construction Order, Docket No. 90), wherein it construed the language at issue to

mean:  a "plastic block that holds the plurality of wires by a ninety degree change in direction of the

wires."  (Claims Construction Order at 19:23-24.)

The plurality of wires in Bel Fuse's MagJack Connectors do not themselves make a ninety

degree change in direction.  (<u>See</u> Order Granting in Part and Denying in Part Defendant Bel Fuse Inc.'s

Motion for Partial Summary Judgment of Non-Infringement, hereinafter Order Re: Partial Summary

Judgment, Docket Item No. 122, at 6:18-21.)  However, the MagJack Connector's plurality of wires

are soldered to the thinner wires of its signal conditioning components and arguably form a ninety

degree angle.  (<u>See</u> Order Re: Partial Summary Judgment at 6:22-7:2.)

On July 7, 2004, Bel Fuse moved this Court for partial summary judgment of non-infringement.

(<u>See</u> Bel Fuse's Motion for Partial Summary Judgment of Non-Infringement, Docket Item No. 102.)

On September 2, 2004, this Court granted Bel Fuse summary of judgment of non-infringement with

respect to literal infringement.  (<u>See</u> Order Re: Partial Summary Judgment at 9:11-12.)  However,

because the parties' briefing on the issue of infringement under the doctrine of equivalents was

inadequate, this Court elected to reserve judgment on that issue.  (<u>See</u> Order Re: Partial Summary

Judgment at 8:23-9:9 <u>and</u> Order Denying Bel Fuse's Motion for Leave to File Motion for

**United States District Court**
For the Northern District of California

2

1    Reconsideration, hereinafter Order Re: Reconsideration, Docket Item No. 127, at 3:12-4:9.)  This

2    Court invited the parties to file "a separate motion on [the] issue [of doctrine of equivalents] in order

3    to brief it more directly and fully."  (Order Re: Partial Summary Judgment at 9:8-8; see also Order Re:

4    Reconsideration at 4:5-9.)  The parties have taken this Court up on its invitation, and so this Court

5    finally resolves the issue here.

6         Bel Fuse advances a number of arguments to support its contention that, as a matter of law, its

7    MagJack Connectors do not infringe the '152 Patent under the doctrine of equivalents.  This Court only

8    reaches the first of Bel Fuse's arguments because it is sufficient to dispose of Bel Fuse's Motion.

9    In particular, Bel Fuse argues that, for this Court to find that the MagJack Connector's plurality of

10   wires, which does not bend or turn, is a "right angle turn" would be to vitiate the explicit claim

11   limitation that there be a "turn" in the plurality of wires.  (See Bel Fuse's Motion at 4:18-21 ("Because

12   Regal limited the scope of its claims by requiring that the 'plurality of wires' be supported by a 'turn' in

13   each of the wires, Regal limited the claims in a way that plainly and necessarily excludes a connector

14   having a plurality of wires with no turns in them at all").)

## III. STANDARDS

**A. Summary Judgment**

17        Summary judgment is proper when there is no genuine issue as to any material fact and the

18   moving party is entitled to judgment as a matter of law.  FED R. CIV. P. 56(c).  The purpose of

19   summary judgment "is to isolate and dispose of factually unsupported claims or defenses."  Celotex v.

20   Catrett, 477 U.S. 317, 323-24 (1986).

**1. No Genuine Issue of Material Fact**

22        The moving party always "bears the initial responsibility of informing the district court of the

23   basis for its motion, and identifying those portions of 'the pleadings, depositions, answer to

24   interrogatories, and admissions on file, together with the affidavits, if any' which it believes

25   demonstrate the absence of a genuine issue of material fact."  Id. at 323.  If the moving party meets this

26   burden, the burden then shifts to the non-moving party to "designate 'specific facts showing that there is

27

28                                             3

a genuine issue for trial.'"  Id. at 324.  The non-moving party cannot defeat the moving party's properly

supported motion for summary judgment simply by alleging some factual dispute between the parties.

To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e.,

"facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are

irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-

48 (1986).  The opposing party "must do more than simply show that there is some metaphysical doubt

as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).

### 2. Judgment as a Matter of Law

When a movant moves for summary judgment on a matter on which her opponent bears the

burden of persuasion at trial, the movant may carry its burden by negating an essential element of her

opponent's claim or by showing that her opponent does not have enough evidence to carry its ultimate

burden of persuasion at trial.  Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-60 (1970); Celotex,

477 U.S. at 325.  It is the court's responsibility "to determine whether the . . . facts . . . are such that a

rational or reasonable jury might return a verdict in its favor based on that evidence."  T.W. Elec.

Serv.v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1997).  "Where the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue

for trial.'"  Matsushita, 475 U.S. at 587.  In conducting its analysis, the court must draw all reasonable

inferences in favor of the non-moving party.  Masson v. New Yorker Magazine, Inc., 501 U.S. 496,

520 (1991) (citing Anderson, 477 U.S. at 255).

### B. Patent Infringement

Patent infringement analysis involves two steps.  First, the claims must be interpreted to

determine their meaning and scope.  Markman v. Westview Instruments, Inc., 52 F.2d 967, 976 (Fed.

Cir. 1995) (en banc).  Second, the accused product must be compared to the properly construed

claims.  Id.  If the accused product contains every element of a patent claim, or its substantial

equivalent, there is infringement.  Lemelson v. U.S., 752 F.2d 1538, 1551 (Fed. Cir. 1985).  Whether a

product infringes the properly construed claim of a patent, literally or under the doctrine of

4

1   equivalents, is a question of fact.  Tanabe Seiyaku Co. v. United States Int'l Trade Comm'n, 109 F.3d

2   726, 731 (Fed. Cir. 1997).  Thus, in order to grant summary judgment of non-infringement, the court

3   must conclude, after resolving reasonable factual inferences in favor of the patentee, that "no

4   reasonable jury could find infringement."  IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422,

5   1429 (Fed. Cir. 2000).

6   **IV.  DISCUSSION**

7       It is well-established that the doctrine of equivalents cannot be employed so as to wholly

8   vitiate a limitation contained in a patent claim.  See SciMed Life Sys., Inc. v. Advanced

9   Cardiovascular Sys., Inc., 242 F.3d 1337, 1346-47 (Fed. Cir. 2001) (noting "the familiar rule that the

10  doctrine of equivalents cannot be employed in a manner that wholly vitiates a claim limitation")

11  (citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29-30 (1997) and Athletic

12  Alternatives, Inc. v. Prince Mfg., Inc., 73 F.3d 1573, 1582 (Fed. Cir. 1996)); see also 60 AM. JUR. 2D

13  *Patents* § 786 (2004) ("The doctrine of equivalents cannot be employed in a manner that wholly

14  vitiates a limitation contained in a patent claim") (citing SciMed).

15      In its Claim Construction Order, this Court construed the phrase "plastic block that supports

16  the plurality of wires by a right angle turn" to mean "a plastic block that holds the plurality of wires by

17  a ninety degree change in direction *of the wires*."  ((Claims Construction Order at 19:23-24)

18  (emphasis added).)  In its Order Re: Partial Summary Judgment, this Court observed that, "Under plain

19  and ordinary language, an object 'turns' when *that object itself* changes direction--not when a separate

20  object is appended to it."  (Order Re: Partial Summary Judgment at 7:8-10.)  Furthermore, this Court

21  observed that, "Plainly, the plurality of eight wires in the MagJack Connector does not make a ninety

22  degree change in direction [nor] . . . bend[s] [nor] turn[s] in any way, shape, or form[.]"  (Order Re:

23  Partial Summary Judgment at 6:18-20.)  Bel Fuse argues that:

24          to find that the structure of the Accused MagJack Products are the equivalent of a 'plurality of
            wires' which must have 'turns' in them would wholly vitiate the claimed 'right angle turn'
25          limitation and negate the 'clear and binding statement to the public' that a connector having a
            plurality of wires without turns are excluded from the protection of the patent.
26
    ((Bel Fuse's Motion at 5:18-22) (citing SciMed, 242 F.3d at 1347).)  This Court agrees.
27

28                                          5

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    To hold that the MagJack Connector infringes the '152 Patent by way of doctrine of equivalents

2    is to hold that two wires soldered together is equivalent to one wire that "turns."  To do so, however,

3    wholly vitiates the "turn" limitation contained in the '152 Patent since "turn" presumes that an object

4    *itself* changes direction.

5    Regal attempts to distinguish <u>SciMed</u> on the ground that, there, the patentee "'specifically

6    identified and criticized' an alternative structure, and then later tried to claim it as an equivalent."

7    (Regal's Opposition at 17:4-5.)  However, a specific, critical reference to an alternative structure is

8    not necessary to invoke the doctrine of vitiation under <u>SciMed</u>.  As Bel Fuse notes, "The fact that the

9    claimed equivalent was criticized by the patentee in <u>SciMed</u> provided the Court with an <u>additional</u>

10   reason to deny the application of the doctrine of equivalents, not the <u>only</u> reason."  (Bel Fuse's

11   Opposition at 4:24-5:1.)  As the court in <u>SciMed</u> noted, "In that respect, this case is an even stronger

12   one for not applying the doctrine of equivalents than cases such as <u>Dolly</u>[, Inc. v. Spalding & Evenflo

13   Cos.</u>, 16 F.3d 394 (Fed. Cir. 1994)], <u>Sage</u>[ Products, Inc. v. Devon Industries, Inc.</u>, 126 F.3d 1420

14   (Fed. Cir. 1997)], <u>Eastman Kodak</u>[ Co. v. Goodyear Tire & Rubber Co.</u>, 114 F.3d 1547 (Fed. Cir.

15   1997)], <u>Moore</u>[, U.S.A., Inc. v. Standard Register Co.</u>, 229 F.3d 1091 (Fed. Cir. 2000)], and <u>Athletic

16   Alternatives</u> [<u>supra</u>]."  <u>SciMed</u>, 242 F.3d at 1347.  In those cases, the patentees did not specifically

17   identify or criticize the claimed equivalent; yet, the court in <u>SciMed</u> relied upon them to support its

18   conclusion.

19                                         **V.  CONCLUSION**

20   Because application of the doctrine of equivalents to the MagJack Connector would wholly

21   vitiate the explicit "turn" limitation contained in the '152 Patent, this Court concludes, as a matter of

22   law, that Regal may not assert infringement under the doctrine of equivalents.  Accordingly, this Court

23   GRANTS Bel Fuse's Motion for Summary Judgment of Non-Infringement.

24   Dated:  May 3, 2005                               /s/James Ware
                                                       JAMES WARE
25   03cv1296msj-doe-bfi                               United States District Judge

26

27

28                                            6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aimee  Boss aboss@bannerwitcoff.com
Andres N. Madrid Amadrid@steinbergraskin.com
Charles Wilbur Shifley cshifley@bannerwitcoff.com
Daniel T. Shvodian shvodiand@howrey.com
Joshua L. Raskin Jraskin@steinbergraskin.com
Mark K. Dickson dicksonm@howrey.com
Mark Thomas Banner mbanner@bannerwitcoff.com
Martin C. Fliesler mcf@fdml.com
Martin G. Raskin mraskin@steinbergraskin.com
Stephen Christopher Kyriacou kyriacouc@howrey.com
W. Carlos Leet wcl@olimpia-whelan-lively.com

**Dated:  May 3, 2005**                                   **Richard W. Wieking, Clerk**


                                                          **By:/s/JWchambers**
                                                              **Ronald L. Davis**
                                                              **Courtroom Deputy**

**United States District Court**
For the Northern District of California