IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Regal Electronics, Inc., | NO. C 03-01296 JW |
| Plaintiff(s), | |
| v. | **ORDER GRANTING DEFENDANTS PULSE ENGINEERING, INC.'S AND FULL RISE ELECTRONIC CO., LTD.'S MOTIONS FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** |
| Pulse Engineering, Inc., et al., | |
| Defendant(s). | |

## I. INTRODUCTION

This is a patent infringement suit brought by Regal Electronics, Inc. ("Regal") against Pulse Engineering, Inc. ("Pulse"), Full Rise Electronic Co., Ltd. ("FRE"), and others. Regal claims that Pulse's J8 Platform and FRE's 5T Series of connectors infringe U.S. Patent No. 6,171,152 ("'152 Patent"), which Regal owns. (See Regal's Combined Opposition Brief Re: Pulse's and FRE's Motions for Summary Judgment of Non-Infringement, hereinafter Regal's Opposition, Docket Item No. 151, at 1:17-19, 1:22-24.) Presently before this Court are Pulse's and FRE's Motions for Summary Judgment of Non-Infringement (hereinafter Pulse's Motion and FRE's Motion, Docket Items No. 141 and 130, respectively). Based upon the comments of counsel made at the hearing and in their papers, this Court GRANTS Pulse's and FRE's Motions.

## II. BACKGROUND

The technologies at issue in this case are RJ-45 modular connectors used to transmit data over

local area networks ("LANs"). Physically, these connectors resemble the click-together connectors used to set up telephones. One difference is that RJ-45 modular connectors are wider, in part, because they contain eight adjoining wires whereas telephone connectors contain less adjoining wires. Typically, RJ-45 connectors are mounted near the outer edge of a computer's motherboard so that they can receive matching, external RJ-45 plugs.

The '152 Patent contains twelve claims: two independent claims and ten dependent claims. Claims 1 and 6, the two independent claims, both claim, inter alia, an RJ-45 style modular connector, comprising:

> a contact spring assembly of a plurality of wires in separate circuits that pass forward through said open back end into the back of said open front end of the housing, wherein the contact spring assembly includes *a plastic block that supports the plurality of wires by a right angle turn* and is vertically oriented with respect to the plurality of wires, and wherein the plastic block inserts and locks into said open back end of the housing . . .
>
> and *a signal conditioning part disposed in said plastic block . . . wherein, said signal conditioning part is fully disposed in said vertically oriented plastic block*[.]

'152 Patent, Col. 6, ll. 32-40, 44-49, Col. 7, ll. 15-23, 28-33 (emphasis added). The emphasized language is at issue here. Pulse and FRE argue that their connectors do not include "a plastic block that supports the plurality of wires by a right angle turn." Pulse argues that its connectors are not "disposed in a plastic block." Accordingly, they argue, they are entitled to a judgment of non-infringement as a matter of law.

On May 12, 2004, this Court issued its Order Following Claims Construction Hearing. (Order Following Claims Construction Hearing ("Claims Construction Order"), Docket No. 90.) In it, this Court construed the language at issue. This Court found that "a plastic block that supports the plurality of wires by a right angle turn" means: a "plastic block that holds the plurality of wires by a ninety degree change in direction of the wires." (Claims Construction Order 19:23-24.) Furthermore, this Court found that "disposed in said vertically oriented plastic block" means: "completely contained within the volume of the vertically oriented plastic block." (Claims Construction Order at 24:2.) For the reasons stated below, this Court finds that Pulse's and FRE's connectors do not infringe the '152 Patent literally or under the doctrine of equivalents. Accordingly, this Court grants Pulse's and FRE's

2

Motions.

## III. STANDARDS

### A. Summary Judgment

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED R. CIV. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

#### 1. No Genuine Issue of Material Fact

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. If the moving party meets this burden, the burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).

#### 2. Judgment as a Matter of Law

When a movant moves for summary judgment on a matter on which her opponent bears the burden of persuasion at trial, the movant may carry its burden by negating an essential element of her opponent's claim or by showing that her opponent does not have enough evidence to carry its ultimate burden of persuasion at trial. Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-60 (1970); Celotex, 477 U.S. at 325. It is the court's responsibility "to determine whether the . . . facts . . . are such that a

1  rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec.
2  Serv.v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1997).  "Where the record taken as a
3  whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue
4  for trial.'" Matsushita, 475 U.S. at 587.  In conducting its analysis, the court must draw all reasonable
5  inferences in favor of the non-moving party.  Masson v. New Yorker Magazine, Inc., 501 U.S. 496,
6  520 (1991) (citing Anderson, 477 U.S. at 255).

**B. Patent Infringement**

Patent infringement analysis involves two steps.  First, the claims must be interpreted to determine their meaning and scope.  Markman v. Westview Instruments, Inc., 52 F.2d 967, 976 (Fed. Cir. 1995) (en banc).  Second, the accused product must be compared to the properly construed claims.  Id.  If the accused product contains every element of a patent claim, or its substantial equivalent, there is infringement.  Lemelson v. U.S., 752 F.2d 1538, 1551 (Fed. Cir. 1985).  Whether a product infringes the properly construed claim of a patent, literally or under the doctrine of equivalents, is a question of fact.  Tanabe Seiyaku Co. v. United States Int'l Trade Comm'n, 109 F.3d 726, 731 (Fed. Cir. 1997).  Thus, in order to grant summary judgment of non-infringement, the court must conclude, after resolving reasonable factual inferences in favor of the patentee, that "no reasonable jury could find infringement."  IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1429 (Fed. Cir. 2000).

**IV. DISCUSSION**

**A.  Pulse's and FRE's Arguments**

Pulse and FRE both contend that their connectors do not infringe (literally or under the doctrine of equivalents) the '152 Patent's "right angle turn" limitation.  (See Pulse's Motion at 10:10-14:21 and FRE's Motion at 10:9-13:15.)  Pulse and FRE incorporate the same arguments advanced by Bel Fuse in a separation motion into their own arguments.  (See Pulse's and FRE's Joint Reply in Support of their Motions, hereinafter Pulse's and FRE's Reply, Docket Item No. 155, at 9:13-15 ("Pulse and FRE adopt all additional reasons demonstrated by Bel Fuse for why Regal is limited

against its claim of doctrine of equivalents infringements. All those reasons apply equally to Pulse, FRE and Bel Fuse.").)

Pulse advances an additional argument--namely, that its connectors do not infringe (literally or under the doctrine of equivalents) the '152 Patent's "fully disposed in said vertically oriented plastic block" limitation. (See Pulse's Motion at 14:22-19:18 and Pulse's and FRE's Reply at 9:16-10:19.)

This Court only reaches the arguments regarding the "right angle turn" limitation because it is sufficient to dispose of Pulse's and FRE's Motions.

**B. Neither Pulse's Nor FRE's Connectors Literally or Equivalently Infringe the '152 Patent**

**1. No Literal Infringement**

Plainly, the pluralities of wires contained within Pulse's and FRE's connectors, like the plurality of wires contained within Bel Fuse's MagJack Connector, "do not bend or turn in any way, shape, or form[.]" (Order Re: Partial Summary Judgment at 6:20-21.) Instead, they "extend[] horizontally beyond a vertical plane and terminate[] there." (Order Re: Partial Summary Judgment at 6:19-20; see also Pulse's Motion at 11:17-19 ("As can be seen in the photographs, the red directional arrows reflect the direction of the contact spring assembly wires which enter horizontally into the piece of black plastic, through the green PCB, and then terminate") (citing Aldaco Decl. ¶¶ 13, 14) and FRE's Motion at 11:7-9 ("In the photograph below, right, the red directional arrow reflects the direction of the contact spring assembly wires which enter horizontally into the piece of black plastic, through the green PCB, and then terminate") (citing Kuo Suppl. Decl. ¶ 13).) Thus, for the reasons set forth in its Order Re: Partial Summary Judgment, this Court concludes that neither Pulse's nor FRE's connectors literally infringe the '152 Patent. (See Order Re: Partial Summary Judgment at 4:14-8:21.)

**2. No Infringement Under the Doctrine of Equivalents**

Pulse and FRE primarily argue that prosecution history estoppel bars Regal from claiming infringement under the doctrine of equivalents. This Court does not reach this argument. As explained in its Order Granting Defendant Bel Fuse, Inc.'s Motion for Summary Judgment of Non-Infringement Under the Doctrine of Equivalents (hereinafter Order Re: DOE), which this Court also filed today, the

doctrine of equivalents cannot apply here. To hold that Pulse's and FRE's connectors infringe the '152 Patent by way of doctrine of equivalents is to hold that two wires soldered together is equivalent to one wire that "turns." To do so, however, wholly vitiates the explicit "turn" limitation contained in the '152 Patent since "turn" presumes that an object *itself* changes direction. (See Order Re: DOE at 5:21-7:14 and Pulse's and FRE's Reply at 9:13-15.) This would violate the principle that doctrine of equivalents cannot be employed so as to wholly vitiate a limitation contained in a patent claim. See SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc., 242 F.3d 1337, 1345-47 (and cases cited therein). Accordingly, this Court holds that the doctrine of equivalents does not apply here.

## V.  CONCLUSION

For the reasons set forth above, this Court GRANTS Pulse's and FRE's Motions for Summary Judgment of Non-Infringement.

Dated: May 3, 2005

/s/James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aimee Boss aboss@bannerwitcoff.com
Andres N. Madrid Amadrid@steinbergraskin.com
Charles Wilbur Shifley cshifley@bannerwitcoff.com
Daniel T. Shvodian shvodiand@howrey.com
Joshua L. Raskin Jraskin@steinbergraskin.com
Mark K. Dickson dicksonm@howrey.com
Mark Thomas Banner mbanner@bannerwitcoff.com
Martin C. Fliesler mcf@fdml.com
Martin G. Raskin mraskin@steinbergraskin.com
Stephen Christopher Kyriacou kyriacouc@howrey.com
W. Carlos Leet wcl@olimpia-whelan-lively.com

**Dated: May 3, 2005**                                **Richard W. Wieking, Clerk**

                                                                  **By:/s/JWchambers**
                                                                         **Ronald L. Davis**
                                                                         **Courtroom Deputy**