IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Regal Electronics, Inc., | NO. C 03-01296 JW |
| Plaintiff(s), | |
| v. | **ORDER DENYING DEFENDANT BEL FUSE, INC.'S MOTION FOR SANCTIONS PURSUANT TO FRCP 11** |
| Pulse Engineering Inc., et al., | |
| Defendant(s). | |

This Court denies Bel Fuse's Motion for Rule 11 Sanctions against Regal and Regal's counsel (Docket Item No. 149). Bel Fuse argues that, in light of the prior art '910 Patent, Regal's patent infringement claim is frivolous. In particular, Bel Fuse highlights apparent inconsistencies in Regal's position. Bel Fuse argues that its MagJack Connectors have substantially the same relevant features as the technology disclosed in the '910 Patent, which Bel Fuse owns. Since its MagJack Connectors and the '910 Patent are essentially one in the same, Bel Fuse argues, the '152 Patent "cannot possibly be found to be both infringed by the Accused MagJack Products and valid over the '910 Patent." (Bel Fuse's Motion for Rule 11 Sanctions at 7:5-6.) This is the basis for Bel Fuse's Motion for Rule 11 Sanctions.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution. Such sanctions can have an unintended detrimental impact on an attorney's career and personal well-being." Conn v. CSO Borjorquez, 967 F.2d 1418, 1421 (9th Cir. 1992). "Because of the potentially chilling effect on

innovative lawyering, sanctions are reserved 'for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 17:121 (2004) (citing <u>Operating Engineers Pension Trust v. A-C Co.</u>, 859 F.2d 1336, 1344 (9th Cir. 1988) (emphasis added)).

In this Court's opinion, Regal's and Regal's counsel's arguments do not rise to a clear violation of Rule 11. Although this Court has not found Regal's arguments to be ultimately persuasive, in this Court's opinion, Regal's arguments have been colorable and grounded in the law. Accordingly, this Court denies Bel Fuse's Motion for Rule 11 Sanctions.

Dated:  May 3, 2005                              /s/James Ware
                                                 JAMES WARE
03cv1296sanctions                                United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aimee Boss aboss@bannerwitcoff.com
Andres N. Madrid Amadrid@steinbergraskin.com
Charles Wilbur Shifley cshifley@bannerwitcoff.com
Daniel T. Shvodian shvodiand@howrey.com
Joshua L. Raskin Jraskin@steinbergraskin.com
Mark K. Dickson dicksonm@howrey.com
Mark Thomas Banner mbanner@bannerwitcoff.com
Martin C. Fliesler mcf@fdml.com
Martin G. Raskin mraskin@steinbergraskin.com
Stephen Christopher Kyriacou kyriacouc@howrey.com
W. Carlos Leet wcl@olimpia-whelan-lively.com

**Dated: May 3, 2005**                              **Richard W. Wieking, Clerk**


                                                    **By:/s/JWchambers**
                                                         **Ronald L. Davis**
                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California