United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Regal Electronics, Inc.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Pulse Engineering, Inc., et al.,<br><br>　　　　Defendant. | NO. C 03-01296 JW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT REGARDING THE GRANT OF DEFENDANT'S COUNTERCLAIM** |

## I. INTRODUCTION

This is a Motion by Regal Electronics, Inc. ("Plaintiff") seeking, pursuant to FED. R. CIV. P. 60(a), correction of the Judgment entered on May 3, 2005. (Motion for Correction of and/or Relief from Judgment Entered, hereinafter "Motion," Docket Item No. 194, at 1:24-25.) The Judgment granted Pulse Engineering, Inc.'s ("Defendant") First Counterclaim (Declaration of Patent Noninfringement as to all of Defendant's products). (Judgment, Docket Item No. 193, at 1:24-27; Answer, Docket Item No. 34, at 6:17-26.) However, this Court's Judgment should only have reached Defendant's Motion for Summary Judgment of Non-Infringement (hereinafter "MSJ," Docket Item No. 128), which pertained to a subset of Defendant's products. (Judgment, Docket Item No. 193, at 1:19-24.) Therefore, Plaintiff's Motion is GRANTED. Specifically, Defendant's product platforms J0B, J1, J3, J6, J7, J8, JC, JG, JK, JP, JU, JV, JW, JY have been either stipulated or found not to infringe Plaintiff's U.S. Patent No. 6,171,152 ("'152 Patent"). (Declaration and Stipulation, hereinafter "Stipulation," Docket Item No. 143, at 2:19-22; Order Granting Defendant Summary Judgment, hereinafter "Order," Docket Item No. 191, at 1:17-26.)

## II. BACKGROUND

The technologies at issue are RJ-45 modular connectors used to transmit data over local area networks ("LANs"). Physically, these connectors resemble the click-together connectors used to set up telephones. One difference is that RJ-45 modular connectors are wider, in part, because they contain eight adjoining wires whereas telephone connectors contain less adjoining wires. Typically, RJ-45 connectors are mounted near the outer edge of a computer's motherboard so that they can receive matching, external RJ-45 plugs. Plaintiff argues Defendant's RJ-45 product platforms infringe on its '152 Patent. (Order at 2:6-13.) Defendant moved for summary judgment of non-infringement with regard to a subset of its product platforms. (MSJ at 1:1-10.)

On May 3, 2005, this Court issued its Judgment. This Court granted Defendant's MSJ. (Judgment at 1:19-24.) This Court also inadvertently granted Defendant summary judgment on its First Counterclaim (Declaration of Patent Noninfringement as to all of Defendant's products). (Judgment at 1:24-27; Answer at 6:17-26.) Accordingly, this Court grants Plaintiff's Motion and vacates Defendant's First Counterclaim Judgment.

## III. STANDARDS

FED. R. CIV. P. 60 provides that a party may seek relief from a final judgment or order. Specifically, FED. R. CIV. P. 60(a) provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

## IV. DISCUSSION

Having reviewed Plaintiff's and Defendant's papers, it is clear that this Court made a mistake in granting summary judgment on Defendant's First Counterclaim. Defendant's MSJ did not include all of its product platforms. This is made clear by Defendant's withdrawal of product platforms J5 and J7 from its MSJ. (Notice of Withdrawal of Partial Contentions from Pulse's Motion for Summary Judgment, hereinafter "Withdrawal," Docket Item No. 141-1, at 1:1-3.) Shortly after Defendant's

Withdrawal, Plaintiff stipulated that product platform J7 did not infringe the '152 Patent. (Stipulation 2:19-22.) By Defendant's own papers, ajudication of product platform J5 still remains. Further, Plaintiff's Preliminary Infringement Contentions include numerous pages about product platform J2. (Motion to Compel, Docket Item No. 174, Ex. 6 at 8-17.) Accordingly, this Court was correct in granting Defendant's MSJ, but mistakenly granted Defendant's First Counterclaim.

## V. CONCLUSION

For the reasons stated above, this Court GRANTS Plaintiff's Motion. Specifically, Defendant's product platforms J0B, J1, J3, J6, J7, J8, JC, JG, JK, JP, JU, JV, JW, JY have all been either stipulated or ajudicated not to infringe Plaintiff's '152 Patent. Defendant's remaining product platforms are not subject to this Order.

Dated: June 20, 2005

03cv1296rei-mta-judg

/s/James Ware
JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aimee Boss aboss@bannerwitcoff.com
Andres N. Madrid AMadrid@steinbergraskin.com
Charles Wilbur Shifley cshifley@bannerwitcoff.com
Daniel T. Shvodian shvodiand@howrey.com
Joshua L. Raskin JRaskin@steinbergraskin.com
Mark K. Dickson mdickson@winston.com
Mark Thomas Banner mbanner@bannerwitcoff.com
Martin C. Fliesler mcf@fdml.com
Martin G. Raskin mraskin@steinbergraskin.com
Stephen Christopher Kyriacou kyriacouc@howrey.com
W. Carlos Leet wcl@olimpia-whelan-lively.com

**Dated:  June 20, 2005**                        **Richard W. Wieking, Clerk**


                                                  **By:/s/JWchambers**
                                                       **Ronald L. Davis**
                                                       **Courtroom Deputy**

**United States District Court**
For the Northern District of California