IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Regal Electronics Inc., <br><br>    Plaintiff, <br>v. <br><br>Pulse Engineering, Inc. et al., <br><br>    Defendants. | NO. C 03-01296 JW <br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF PRETRIAL DEADLINES** |

On March 18, 2005, this Court approved the parties' stipulated Scheduling Order deadlines. (Order Approving Parties' 2nd Stipulation Amending Scheduling Order Deadlines, hereinafter "Existing Scheduling Order," Docket Item No. 173.) Regal Electronics, Inc. ("Plaintiff") has moved for modification of the Existing Scheduling Order. (Docket Item No. 213.) Under FED. R. CIV. P. 16(b), a scheduling order shall not be modified except upon showing of good cause and with leave. Subsequent to the approval of the Existing Scheduling Order, this Court entered Judgment in favor of Pulse Engineering, Inc. ("Defendant") on May 3, 2005. (Docket Item No. 193.) Seven weeks later, this Court granted Plaintiff's Motion to Vacate Judgment Regarding the Grant of Defendant's Counterclaim. (Docket Item No. 212.) As a result of the time that elapsed between the Judgment terminating the case and this Court's Order restoring the case to the active calendar, modifications to the Existing Scheduling Order are supported by good cause. Based upon arguments advanced by counsel in their papers, the parties are ordered to comply with the following schedule:

A. <u>Standing Order to Lodge Printed Copy of "ECF" Papers</u>

1. In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion for determination by the Judge or Preliminary Pretrial and Trial Setting Conference Statements and Proposed Orders, the parties shall, in addition to filing papers electronically, lodge with Chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. *See* Standing Order Regarding Case Management in Civil Cases. These printed copies shall be submitted to the Clerk's Office, in an envelope clearly marked "Chambers Copy -- Lodged for the Chambers of Judge Ware" and shall state the case name and case number. Parties shall not "file" a paper copy of any document with the Clerk's Office that has already been e-filed.

B. <u>Compliance with Discovery Plan and Reference to Magistrate Judge</u>

2. The parties are ordered to comply with the discovery plan set forth in the Joint Case Management Statement. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

C. <u>Document Management During Pretrial Discovery and Electronic Evidence Presentation</u>

3. This Court has available a digital and video electronic evidence presentation system. The parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (<u>e.g.</u>, Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000). The Court's standard

order for pretrial preparation also applies. The Court orders as follows:

### D. Limitation on Testimony by Expert Witnesses

4. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### E. Close of Discovery

5. The parties disagree about the date for the close of pre-trial discovery. Due to the nature of the case, the Court will establish a date for the close of pre-trial discovery. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of expert witnesses, must be completed by **September 30, 2005**.

### F. Last date for Hearing Dispositive Motions

6. The last day for hearing dispositive motions is **November 28, 2005** at 9:00 a.m. Any motions must be noticed in accordance with the Local Rules of this Court.

### G. Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

7. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on **December 9, 2005**, a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial. Ordinarily, depending on the length of the trial the Court will set the trial during a calendar period approximately three to four months after the Preliminary Pretrial and Trial Setting Conference. In the Statement discussed in this paragraph, the parties should show any cause why the case should be advanced or delayed beyond this period.

8. The attorneys who will try the case are ordered to appear on **December 19, 2005** at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

9. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting

1  Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of
2  the case.  Once a stipulated allocation has been entered, the parties must plan their presentations to
3  conform to the stipulated time allocation.

4       10.  With respect to the calendar period for trial, based on the time allotted to the case, a
5  calendar period for trial will be set.  In the event it becomes necessary to delay the start of trial
6  because of the Court's calendar, the commencement date will trail from day-to day until the other
7  matter is concluded or further order of court.

8       None of the dates set in this order may be changed without an order of the court made after a
9  motion is duly filed and made pursuant to the local rules of this court.

Dated: August 17, 2005

03cv1296.sched

    /s/ James Ware
JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aimee Kolz akolz@bannerwitcoff.com
Andres N. Madrid Amadrid@steinbergraskin.com
Charles Wilbur Shifley cshifley@bannerwitcoff.com
Daniel T. Shvodian shvodiand@howrey.com
Joshua L. Raskin Jraskin@steinbergraskin.com
Mark K. Dickson mdickson@winston.com
Mark Thomas Banner mbanner@bannerwitcoff.com
Martin C. Fliesler mcf@fdml.com
Martin G. Raskin mraskin@steinbergraskin.com
Stephen Christopher Kyriacou kyriacouc@howrey.com
W. Carlos Leet wcl@olimpia-whelan-lively.com

Dated: August 17, 2005                    **Richard W. Wieking, Clerk**

                                          **By:   /s/ JW Chambers**
                                              **Ronald L. Davis**
                                              **Courtroom Deputy**

**United States District Court**
For the Northern District of California