*E-FILED 11/16/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGAL ELECTRONICS, INC., | NO. 5:03-cv-1296 JW (RS) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| PULSE ENGINEERING, INC., ET AL., | |
| Defendants. | |

I.  INTRODUCTION

Defendant and counterclaimant Pulse Engineering, Inc. ("Pulse") moves to compel plaintiff Regal Electronics, Inc. ("Regal") to produce documents in response to Document Request Nos. 4 and 7.[1] Pulse seeks all documents and things referring or relating to the preparation or prosecution of any foreign patent application related to, or claiming priority from, a patent application that led to the U.S. Patent No. 6,171,152 ("152 patent").  Those requests further seek all prior art relating to the subject matter disclosed

---

[1] It is unclear whether Pulse's motion is limited to Document Request No. 4 or includes Document Request No. 7, since the motion fails to set forth each request in full, followed immediately by the objections and/or responses thereto, as required by Civil L.R. 37-2.  However, as it is clear from the arguments that the parties disagree relative to the sufficiency of the responses to both requests, and since Regal addresses both requests in its opposition brief, the Court considers both Document Requests Nos. 4 and 7.

or claimed in the '152 patent or other corresponding patent applications. Pulse argues that the documents sought are relevant to the scope of the US patent, and to the issues of validity and enforceability of the patents. Regal counters that the parties did not properly meet and confer and that the relevant information is publicly available in the patent prosecution history files. Regal further requests that, should it be compelled to research the existence of any other relevant files, the cost be assumed by Pulse. The motion was fully briefed and submitted without oral argument. For the reasons set forth below, Pulse's motion to compel is granted.

## II.  BACKGROUND

This motion arises out of an action filed by plaintiff and counter-defendant Regal for patent infringement, alleging that it is the owner of all right, title and interest in the '152 patent and that defendants are selling various products in direct infringement of the patent. In response, defendants filed a counterclaim against Regal, seeking a declaratory judgment of non-infringement and invalidity.

Pulse alleges that on June 25, 2004, it served its first set of document requests to Regal, of which Request No. 4 and 7 are at issue. Regal served its response on July 28, 2004, with various objections. On March 15, 2005, the parties allegedly met and conferred regarding the various discovery issues, and Regal subsequently produced responsive documents. Pulse, however, maintains that the produced documents are incomplete and claims that, subsequent to the production of the documents, it discovered the existence of foreign patents through a deposition of William Kunz, the inventor of the '152 patent.[2] The parties proceeded to exchange numerous emails and letters regarding the production of documents related to the foreign patents, and Regal indicated it would agree to make the documents available for inspection. In light of the deadline to file a motion to compel according to Civil L.R. 26-2, and unable to secure a date and time for inspection, Pulse filed this motion to compel documents.

## III.  STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

---

[2]Specifically, Pulse contends that Regal failed to produce responsive documents concerning patents obtained in Japan, Taiwan, China, Germany and the United Kingdom.

2

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

## IV.  DISCUSSION

### A.  Meet and Confer

The parties dispute whether or not Pulse met its meet and confer obligations, pursuant to Fed. R. Civ. P. 37(a)(2)(A), before filing this motion to compel.  While the record is not entirely clear, it does reflect that both parties made efforts to resolve their differences prior to the filing of this motion, and that there is a clear dispute as to the sufficiency of the responses.  Regal fails to show that Pulse ever agreed to limit the scope of its document requests.  Further, as Civil L.R. 26-2 requires that any motion to compel be filed within seven days after the discovery cut-off date, Pulse was operating under significant time constraints.  Rule 37, accordingly does not preclude a consideration of Pulse's motions.

### B.  Document Requests No. 4 and 7

Pulse requests that Regal produce: 1) all documents and things referring or relating to preparation and/or prosecution of any foreign patent application related to, or claiming priority from, a patent

3

application that led to the '152 patent and 2) all prior art known to Regal relating to the subject matter disclosed or claimed in the '152 patent or any U.S. or foreign patents or patent applications corresponding in whole or in part to such patent, including, but not limited to, prior art cited or referred to during the preparation or prosecution of any such patents or patent applications. Regal objects to both of these requests on the grounds that they are irrelevant, not reasonably calculated to lead to admissible evidence, protected by the attorney-client privilege, and protected by the attorney work-product doctrine. Regal also argues that the documents Pulse Electronics seeks are publicly available and that it should not be required to bear the cost of producing them. Estate of Young Through Young v. Holmes, 134 F.R.D. 291 (1991).

The facts in Estate of Young Through Young v. Holmes, however, are distinguishable from those relevant here. In Estate of Young, a motion to compel was filed against the plaintiff to produce articles which the plaintiff had sold to the New York Post and other newspapers. Id. p. 293. The evidence was uncontroverted that plaintiff did not have possession or custody of the articles, once they were sold, as the plaintiff destroyed his notes and copies. Id.

As opposed to the plaintiff in Estate of Young, Regal does not contend that it is without possession of the documents Pulse seeks. Rather, it argues that, since some of the information is also publicly available, Regal should not be required to produce those documents at its expense. Rule 34, however, does not excuse Regal from providing documents in its possession or control, solely because the information is also publicly available.

Pulse's requests for document at no time have been limited to information that is publicly available in the prosecution history files. Rather, Pulse seeks to obtain *all* related documents which are not protected by the attorney client privilege or work-product doctrine. Regal argues that this information is not relevant, and that, should it be compelled to produce the documents, the Court should require Pulse to bear the cost of production. There is no basis, however, for Regal's claims of non-relevance, nor that the circumstances require fee-shifting. Under Fed. R. Civ. P. 34 and 26(b), Regal is required to produce documents, not privileged, that relate to Pulse's claims. Documents related to foreign patent prosecution and prior art may be relevant to the validity and enforceability of a U.S. patent. *See* 35 U.S.C. § 102 and 35 U.S.C. § 119. Moreover, Regal fails to explain specifically how such production would be unduly burdensome or

excessively costly so as to justify cost-shifting. <u>Bills v. Kennecott Corp.</u>, 108 F.R.D. 459, 462 (D.C. Utah 1985); Fed. R. Civ. P. 26(c).         Regal's motion, therefore, is denied.  Regal will produce all documents not protected by the attorney-client privilege and work-product doctrine which 1) refer or relate to preparation and/or prosecution of any foreign patent application related to or claiming priority from a patent application that led to the '152 patent and 2) all prior art known to Regal relating to the subject matter disclosed or claimed in the '152 patent or any U.S. or foreign patents or patent applications corresponding in whole or in part to such patent, which would include prior art cited or referred to during the preparation or prosecution of any such patents or patent applications.  Should Regal claim that any documents are privileged or otherwise protected from disclosure, it shall provide a privilege log, identifying the specific documents and the basis for asserting the privilege or protection.

C. <u>Sanctions</u>

Each party requests that the Court award attorneys fees, pursuant to Fed. R. Civ. P. 37(d), for the cost incurred to file and oppose this motion.  Both parties have failed to file a separate motion for sanctions, as required by Civil L.R. 7-8.  Moreover, no just cause exists which would support an award of sanctions against either party.  Both parties' requests for sanctions, therefore, are denied.

V. CONCLUSION

For the reasons stated herein, the Court grants Pulse's motion to compel and orders Regal to provide further responses to Document Request Nos. 4 and 7 within thirty (30) days of the date of this order.

IT IS SO ORDERED.

Dated: 11/16/05                              /s/ Richard Seeborg
                                            RICHARD SEEBORG
                                            United States Magistrate Judge

5

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Mark Thomas Banner     mbanner@bannerwitcoff.com,

Aimee Boss     aboss@bannerwitcoff.com, mhaugh@bannerwitcoff.com;dcosimini@bannerwitcoff.com

Mark K. Dickson     dicksonm@howrey.com

Martin C. Fliesler     mcf@fdml.com, cakins@fdml.com;mme@fdml.com;mbasch@fdml.com

Marcus T. Hall     hallm@howrey.com

W. Carlos Leet     wcl@olimpia-whelan-lively.com

Andres N. Madrid     AMadrid@steinbergraskin.com, andy_madrid@hotmail.com

Joshua L. Raskin     JRaskin@steinbergraskin.com,

Martin G. Raskin     mraskin@steinbergraskin.com,

Charles Wilbur Shifley     cshifley@bannerwitcoff.com,

Daniel T. Shvodian     shvodiand@howrey.com, HockinL@howrey.com

**Dated: 11/16/05**                                        **Chambers of Judge Richard Seeborg**

                                                            **By:**     **/s/ BAK**