**\*E-FILED 12/16/05\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REGAL ELECTRONICS, INC., | NO. 5:03-cv-1296 JW (RS) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO DEPOSE WITNESS** |
| v. | |
| PULSE ENGINEERING, INC., ET AL., | |
| Defendants. | |

## I. INTRODUCTION

Defendant and counterclaimant Pulse Engineering, Inc. ("Pulse") moves for leave to depose Venkat Raman ("Raman") via telephone or other electronic means, pursuant to Fed. R. Civ. P. 30(b)(7). Pulse claims that Raman's deposition is necessary as it is relevant to the validity of U.S. Patent No. 6,171,152 ("'152 patent") at issue, and explains that it was not able to depose Raman before the close of discovery on September 30, 2005, due to Raman's illness. Plaintiff and counter-defendant Regal Electronics, Inc. ("Regal") counters that Pulse should not be able to depose Raman because Pulse failed to disclose Raman as a witness in a timely manner. The motion was fully briefed and submitted on the papers, pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Pulse's motion for leave to depose Raman via telephone or other electronic means is granted.

## II.  BACKGROUND

This motion arises out of an action filed by Regal for patent infringement, alleging that it is the owner of all right, title and interest in the '152 patent and that defendants are selling various products in direct infringement of that patent.  In response, defendants filed a counterclaim against Regal, seeking a declaratory judgment of non-infringement and invalidity.

Raman is the named inventor of U.S. Patent No. 5,587,884 ("'884"), and worked for a competitor of Pulse during the relevant time period.  Pulse relies on the '884 patent for its invalidity defense.  Pulse contends that it attempted to depose Raman before the close of discovery on September 30, 2005, but was not able to secure a deposition before the cut-off date because Raman lives in Banagalore, India, and Regal declined to stipulate to a telephonic deposition.  Although the parties later agreed to conduct Raman's deposition in San Diego, California, on September 26, 2005, Raman was not able to travel to the United States due to illness.  Pulse was then unable to re-schedule Raman's deposition before the discovery cut-off date due to the impending close of discovery and the deposition schedule which had already been determined.  Pulse now seeks leave to depose Raman now via telephone or other electronic means, pursuant to Fed. R. Civ. P. 30(b)(7).

## III.  STANDARDS

The Federal Rules mandate that any modifications to the timing of discovery that would impact the discovery cut-off date may only be implemented by court order. Fed. R. Civ. Pro. 29, 30(a). Moreover, Rule 30(a) requires a party who seeks a second deposition of a particular witness or an extension of time, obtain a court order. Fed. R. Civ. Pro. 30(a). That Rules also provides a limit of one, seven hour day for a deposition unless additional time, consistent with Fed. R. Civ. P. 26(b)(2), is needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination. Fed. R. Civ. Pro. 30(d)(2).

Pursuant to Fed. R. Civ. Pro. 30(b)(7), the court may, upon motion, order that a deposition be taken by telephone or other remote electronic means. For purposes of this Rule, "a deposition taken by such means is taken in the district and at the place where the deponent is to answer questions." Id.

## IV.  DISCUSSION

Pulse contends that it should be permitted to depose Raman, as his testimony is relevant to Pulse's contention that the '884 patent anticipates the '152 patent, and Raman's illness prevented him from traveling to the United States prior to the close of discovery.  Pulse further requests that it be granted leave to conduct the deposition over the telephone or by other electronic means, as it is difficult for Raman to travel from India to the United States, due to his professional and personal commitments.

Regal argues that Pulse should not be allowed to take Raman's deposition because: 1) Raman's testimony is not relevant to the case; 2) Pulse did not disclose Raman as a fact witness in Pulse's "Preliminary Invalidity Contentions" pursuant to Patent Local 3-3 and 3-4; 3) Pulse did not disclose Raman as a fact witness pursuant to Rule 26(a); and, 4) Pulse did not mention Raman in its answer to Interrogatory No. 17, which asked Pulse to identify all facts supporting Pulse's contention that the '152 patent is invalid.

Regal asserts that Raman's testimony is irrelevant, relying on the arguments made in its motion to preclude Pulse's invalidity defense. That motion, however, was denied by the presiding judge on November 30, 2005.  As a result, Pulse's invalidity defense is not precluded and, therefore, testimony by the inventor of the '844 patent, upon which Pulse relies for its defense, may be relevant or could lead to the discovery of admissible evidence, pursuant to Fed. R. Civ. P. 26(b)(1).[1]

The fact that Pulse did not list Raman as a fact witness in its "Preliminary Invalidity Contentions" does not preclude Pulse from taking the deposition of Raman.  Neither Patent Local Rule 3-3 nor Rule 3-4 mandates that a party list the names of all fact witnesses in its invalidity contentions.  Rather, the Rules require that a party explain how each item of prior art identified  allegedly anticipates each asserted claim, provide a chart identifying where in each alleged item of prior art each element of each claim is found, and make certain documents and items available for inspection and copying.  Pulse states that it asserted in its Preliminary Invalidity Contentions, served on Regal in October 2003, that the '884 patent anticipates the '152 patent. Accordingly, it appears that Pulse fulfilled its obligations under the Patent Local Rules.

---

[1] Under the Federal Rules of Civil Procedure, Rule 26(b)(1), parties may obtain discovery regarding any matter, not privileged that is  relevant to the claim or defense of any party.  Rule 26(b)(1) further states that relevant information need not be admissible at trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence.

3

1   The Court further concludes that Pulse is not precluded from taking Raman's deposition, even
2   though Pulse did not disclose Raman as a witness in its initial disclosure or include Raman in its response to
3   Regal's Interrogatory No. 17. Regal misconstrues Fed. R. Civ. P. 26(a), which requires a party to disclose
4   initially certain known information without awaiting a discovery request. Rule 26(a) does not preclude a
5   party from deposing other witnesses as they become known. Regal also erroneously contends that Pulse is
6   precluded from deposing any witnesses not mentioned in its response to Interrogatory No. 17. That
7   question, however, requested Pulse to identify all *facts* supporting Pulse's contention that the '152 patent is
8   invalid. Interrogatory No. 17 did not specifically request the identities of fact witnesses. Moreover, and
9   perhaps more importantly, the deposition of Raman was properly and timely noticed and would have
10  occurred prior to the close of discovery, with no objection from Regal, had Raman not become ill.

11  As Pulse's counsel notes, Raman lives in India, and would be required to travel a long distance
12  should the deposition be held in California. As the discovery cut off date is now past, it is in both parties'
13  interest to conduct the deposition expeditiously. The Court, therefore, grant's Pulse's motion for leave to
14  depose Raman, and orders the deposition to be taken via telephone or other electronic means.

## CONCLUSION

16  For the reasons stated herein, the Court grants Pulse's motion for leave to depose Venkat Raman.
17  The deposition shall occur via telephone or other electronic means on a mutually convenient day within
18  thirty (30) days of the date of this order.

4

1  IT IS SO ORDERED

2
3  Dated: December 15, 2005                    /s/ Richard Seeborg
                                               RICHARD SEEBORG
                                               United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Mark Thomas Banner     mbanner@bannerwitcoff.com,

Aimee Boss     aboss@bannerwitcoff.com, mhaugh@bannerwitcoff.com;dcosimini@bannerwitcoff.com

Mark K. Dickson     dicksonm@howrey.com

Martin C. Fliesler     mcf@fdml.com, cakins@fdml.com;mme@fdml.com;mbasch@fdml.com

Marcus T. Hall     hallm@howrey.com

W. Carlos Leet     wcl@olimpia-whelan-lively.com

Andres N. Madrid     AMadrid@steinbergraskin.com, andy_madrid@hotmail.com

Joshua L. Raskin     JRaskin@steinbergraskin.com,

Martin G. Raskin     mraskin@steinbergraskin.com,

Charles Wilbur Shifley     cshifley@bannerwitcoff.com,

Daniel T. Shvodian     shvodiand@howrey.com, HockinL@howrey.com

**Dated:** December 16, 2005              **Chambers of Judge Richard Seeborg**

                                          **By:**     /s/ BAK